UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: BRADLEY SCOTT AUSTIN

                Debtor/Petitioner,

vs.

FANNIE MAE, also known as
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                Respondent.
_____/

Case No. 13-11156
HON. GEORGE CARAM STEEH

Case No: 12-57851
HON. STEVEN W. RHODES
Chapter 7

### ORDER DENYING PETITIONER'S MOTION TO WITHDRAW REFERENCE FROM BANKRUPTCY PROCEEDING (DKT. NO. 1)

Petitioner Bradley Scott Austin has filed several lawsuits before this court and others pertaining to the mortgage on property located at 18251 Hickory Ridge in Fenton, Michigan. On August 13, 2008, this court dismissed Austin's first case seeking declaratory judgment against Countrywide Home Loans, MERS and others for lack of standing because Austin was not a party to the Note signed only by his wife. (Case No. 07-15127). On February 26, 2009, this court dismissed Austin's second case against Countrywide and MERS as barred by the doctrine of res judicata. (Case No. 08-13697) Austin then filed a nearly identical third-party complaint in a foreclosure proceeding on the property pending in 52nd District Court, and removed the case to this court. The court dismissed Austin's case against Countrywide, MERS and others again as barred under res judicata.

On April 21, 2011, the Michigan Court of Appeals held in another case that MERS

could not foreclose by advertisement and that such foreclosure was void. See *Residential Funding LLC v. Saurman*, 292 Mich. App. 321 (2011). In order to comply with the decision, the June 5, 2007 Sheriff's Deed on the property was set aside. The Michigan Supreme Court has since reversed the Michigan Court of Appeals decision and held that MERS can foreclose by advertisement. *Residential Funding LLC v. Saurman*, 490 Mich. 909 (2011).

On October 18, 2011, the mortgage on the property was assigned to Bank of America, N.A. The mortgage was re-foreclosed on January 10, 2012. Bank of America was the successful bidder and the property was transferred to Fannie Mae via quit claim deed. Redemption expired on July 10, 2012.

On July 13, 2012, Fannie Mae filed a complaint in 52nd District Court to obtain possession of the property. On August 1, 2012, Austin filed his second Chapter 7 Bankruptcy case. (Case No. 12-57851). The Bankruptcy Court entered an order declaring that Austin is not eligible to receive a discharge in this bankruptcy. (Order, August 27, 2012). Immediately upon filing his bankruptcy case, Austin moved for an order allowing him to examine Fannie Mae and for the production of documents under Fed. R. Bankr. P. 2004 ("2004 Motion"). Austin was looking for a "basis to support his standing to pursue fraudulent transfer actions against Bank of America, N.A. and FNMA on behalf of Debtor's estate."

Fannie Mae objected to the 2004 Motion arguing that the Trustee is the only entity with authority to pursue an action to recover a preferential transfer for the benefit of the estate. Furthermore, there was no reason to re-litigate the issues already adjudicated in the United States District Court because those issues had already been determined. The District Court already held that Austin did not have standing to sue under the Note, which

was the basis for his request for a 2004 examination. On September 10, 2012, the Bankruptcy Court held a hearing and denied the 2004 Motion.

On January 22, 2013, Fannie Mae moved for relief from the automatic stay. This motion was unopposed and an order granting the motion was entered on February 11, 2013. The matter has now come before this court on Austin's motion to withdraw reference of "matters pertaining to state law" in his second Chapter 7 bankruptcy proceeding.

A party may move to withdraw the reference to Bankruptcy Court pursuant to 28 U.S.C. § 157(d) which provides in pertinent part:

> (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Petitioner has the burden of showing that the reference should be withdrawn. See In re Michigan Real Estate Ins. Trust, 87 B.R. 447, 459 (E.D. Mich. 1987).

Austin argues that the case of *Stern v. Marshall*, 131 S. Ct. 2594 (2011) provides the basis for his request to withdraw the reference to the Bankruptcy Court. However, that decision was issued June 23, 2011 more than a year before Austin filed for relief under Chapter 7. The order granting motion for relief from the automatic stay was entered without opposition over a year and a half since the *Stern* decision. The *Stern* court held that traditional common law issues should be decided by Article III courts, not bankruptcy courts. While Austin wants to argue that his issues relate to wrongful foreclosure, the only issue raised before the Bankruptcy Court is whether Austin can take discovery from Fannie Mae in order to build a claim for fraudulent transfer. Fraudulent transfers are pure

bankruptcy matters that belong in Bankruptcy Court.

Austin has failed to meet his burden for seeking withdrawal of the reference because his motion is not timely and the resolution of the proceedings before the Bankruptcy Court only requires consideration of Title 11. Accordingly,

Petitioners' motion for withdrawal of reference to Bankruptcy Court is hereby DENIED.

SO ORDERED.

Dated: June 5, 2013

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 5, 2013, by electronic and/or ordinary mail and also on Bradley Scott Austin, 18251 Hickory Ridge Road, Fenton, MI 48430.

s/Barbara Radke
Deputy Clerk